UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
DRYWALL TAPERS AND POINTERS OF                               :
GREATER NEW YORK LOCAL UNION 1974,                           :
AFFILIATED WITH INTERNATIONAL                                :
UNION OF ALLIED PAINTERS AND ALLIED                          :   20 Civ. 1125 (LGS)
TRADES, AFL-CIO                                              :
                                      Petitioner,            :   OPINION AND ORDER
                                                             :
                   -against-                                 :
                                                             :
TIGER CONTRACTING CORP.,                                     :
                                      Respondent.            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated With International Union Of Allied Painters And Allied Trades, AFL-CIO (the "Union") seeks confirmation of an arbitration award issued October 28, 2019 (the "Award"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Respondent Tiger Contracting Corp. did not appear in this action and did not oppose the Union's Petition to Confirm Arbitration Award (the "Petition"). For the following reasons, the Petition is granted.

I.  BACKGROUND

The following undisputed facts are derived from the Petition, the memorandum of law in support of the Petition and its supporting exhibits, including the Award.

The Award arises out of a collective bargaining agreement ("CBA") to which Respondent was a party. At issue is Article XX of the CBA, pursuant to which the parties agree that, "in addition to the wages to be paid . . . each Employer shall, commencing with the effective date of this Agreement and for the duration thereof, at or before the close of each remittance period,

make contributions for such period to" certain identified funds, "on behalf of each Employee employed by such Employer and covered by this Agreement." The CBA provides that "[f]ailure by any Employer to pay the amounts due from him/her to the [funds] shall be deemed a breach of this Agreement," and "shall be cited before the Joint [Trade] Board which may, on a finding, in its discretion, impose such penalties . . . as it deems appropriate . . . ." The fines "which may be imposed by the Joint Trade Committee[1] are set forth" in the CBA and include a fine of $500 for each missed remittance report.

Article XIII, Section 2 of the CBA, titled "Arbitration," outlines the "procedures, rules and regulations" to be applied by the Joint Trade Board at a hearing, and provides, in relevant part, that a "hearing may proceed in the absence of a party or representative who, after due notice, fails to appear or fails to obtain a postponement." In addition, pursuant to Article XIII, Section 3 of the CBA, titled "Arbitration Awards," any award of the Joint Trade Board "shall be final and binding upon the complainant and respondent and all interested parties, and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof."

Respondent failed to submit 12 remittance reports during the period July 2, 2019, through September 17, 2019. By letter sent by U.S. mail and dated October 9, 2019, the Union served a Notice of Intention to Arbitrate on Respondent, informing it that a demand for arbitration had been filed with the Joint Trade Board, alleging that Respondent had failed to submit remittance reports and that a hearing was scheduled for October 28, 2019. The arbitration hearing was held as scheduled, and no representative of Respondent appeared. Based on the evidence provided by

---

[1] The parties appear to use "Joint Board," "Joint Trade Committee" and "Joint Trade Board" interchangeably.

the Union, the Joint Trade Board found that Respondent had violated the Article XX of the CBA by failing to submit remittance reports for the period July 2, 2019, through September 17, 2019. On October 28, 2019, the Joint Trade Board issued the Award and directed Respondent to pay $6,000 in fines within 10 days from the date of receipt of the Award. The Joint Trade Board calculated these fines by multiplying the 12 missed reports by $500, the amount permitted by the CBA for each missed report.

The Union served Respondent with the Award on November 4, 2019, but Respondent did not comply. On November 14, 2020, the Union served a demand letter on Respondent. Respondent continued to fail to comply.

On February 10, 2020, the Union commenced this action to enforce the Award. The Union served Respondent with a Summons and Petition on February 11, 2020, and filed proof of service on February 14, 2020. Respondent has neither appeared nor responded to the Union's Summons and Petition.

## II.   DISCUSSION

### A.   Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). In addition, Section 9 of the FAA provides that a petition to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9; *accord Acqupart Holding AG v. Rivada Networks, Inc.*, No. 19 Civ. 3945, 2019 WL 2590726, at *2 (S.D.N.Y. June 25, 2019). Generally, a district court should treat a "petitioner's

application to confirm or vacate an arbitral award as akin to a motion for summary judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011) (internal citations and quotation marks omitted); *see New York City Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51, 2020 WL 1809323, at *2 (S.D.N.Y. Apr. 9, 2020) ("generally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment") (internal citations omitted).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016); *accord Tried N True Interiors LLC*, 2020 WL 1809323, at *2. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constrs., L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (citation and internal quotation marks omitted). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Id.* at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if

4

there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

The Joint Trade Board's finding that the Respondent was "guilty for failure to submit remittance reports for the period of July 2, 2019, through September 17, 2019, in violation of Article XX of the Agreement," is supported by more than a "barely colorable justification." *Landy Michaels*, 954 F.2d at 797. Article XX, Section 1(b) of the CBA requires each Employer to make contributions to certain identified funds, at or before the close of each remittance period, for the duration of the CBA. It is undisputed that Respondent failed to provide 12 remittance reports. The CBA further provides that the Joint Trade Committee may assess $500 in fines for each missed remittance report. After a hearing, the Joint Trade Committee directed Respondent to pay $6,000 in fines, $500 for each of the missed remittance reports. "If the arbitrator acts within the scope of [its] authority, the remedy for a dissatisfied party is not judicial intervention." *Nat'l Football League*, 820 F.3d 537 (internal quotation marks omitted). Here, the Joint Trade Board acted within the scope of its authority pursuant to the CBA, and accordingly, the Award is confirmed.

**B.    Interest**

Although not explicitly requested, post-judgment interest is also awarded. "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Section 1961 applies to actions to confirm arbitration awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding

post-judgment interest in an arbitration case).  Petitioner is awarded post-judgment interest -- at the statutory rate prescribed by 28 U.S.C. § 1961 -- accruing from the date judgment is entered until payment is made.

## III.   CONCLUSION

For the foregoing reasons, the Petition is GRANTED.  The Union is entitled to $6,000.00 in fines, as set forth in the Award, and post-judgment interest, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 17, 2020
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**